IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRODUCE DELIGHTS, LLC, a limited liability company; and WAEL R. ABDALLAH, an individual,<br><br>Defendants. | CASE NO. CV 15-08280 DDP<br><br>**ORDER RE PRELIMINARY INJUNCTION**<br><br>Date: January 12, 2016<br>Time: 10:00am<br>Place: Courtroom 3 |

This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff FRESHKO PRODUCE SERVICES, INC. ("Plaintiff") is a produce dealer and creditor of Defendant PRODUCE DELIGHTS, LLC, a limited liability company ("Produce Delights") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Defendant Produce Delights has not paid the sum of $530,647.68, (which includes the amount of the PACA trust principal owing to Plaintiff of $467,559.98, plus finance charges accrued through December 31,

1

2015 in the amount of $28,021.33, and reasonable attorney's fees in the amount of $35,066.37) due to Plaintiff for produce purchased by Defendant Produce Delights as required by the PACA. Plaintiff also established to the Court's satisfaction that Defendant Produce Delights is in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that Defendant Produce Delights is not or may not be in a position to pay Plaintiff's PACA claims.

The pleadings and supporting documents on file establish the Defendants either dissipated the PACA Trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavits, and other documents submitted to the Court, it appears the Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Upon review of the Complaint of Plaintiff on file in the above-titled action, Plaintiff's *ex parte* application for injunctive relief, the declarations, exhibits and Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction and Plaintiff's Supplemental Memorandum of Points and Authorities and the exhibits attached there, all documents on file with the Court, this Court has determined that Plaintiff has shown that absent an injunction, Plaintiff will suffer irreparable harm from the danger of dissipation of assets subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a-q, *et seq.* Further, Plaintiff, a valid PACA trust creditor, has demonstrated a likelihood of success on the merits.

IT IS HEREBY ORDERED that Defendants Produce Delights, LLC and Wael Abdallah, its owner, be and hereby are preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

1       A.     Removing, withdrawing, transferring, assigning, or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities sold prior to the date of this order and/or otherwise disposing of assets, books, or funds;

      B.     Taking any other action whatsoever that causes, has the effect of causing, or that otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

      C.     Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants and its owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys, and persons acting in concert with them, shall within 24 hours after being served with this Order deposit into the trust account of Plaintiff's law firm, Rynn & Janowsky, LLP, PACA Trust assets in the amount of at least $530,647.68, which includes the amount of the PACA trust principal owing to Plaintiff of $467,559.98 plus finance charges accrued through December 31, 2015, in the amount of $28,021.33, plus reasonable attorney's fees in the amount of $35,066.37, to the extent that Defendants are currently in possession of that amount or any other amount of PACA trust assets. To the extent Defendants may later collect or receive additional trust assets for the benefit of Plaintiff, they are to promptly, within 24 hours, remit such sums to the Client Trust Account of Plaintiffs counsel. Plaintiff's counsel shall provide Defendant's counsel with wire instructions for such transfers.

IT IS FURTHER ORDERED that Defendant Produce Delights, its owners, officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees, principals, assignors, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing, or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants from Defendants' banking accounts, including, but not limited to,

1  Defendant Produce Delight's accounts held at City National Bank, located at 1800
2  Century Park East, Los Angeles, CA 90067 account number 019568113, or its
3  centralized designated branch for service or process located at 555 South Flower Street,
4  Los Angeles, CA 90071, or any other banking account standing in Produce Delight's
5  name or for its benefit including but not limited to Wells Fargo 1150 S. Diamond Bar,
6  Blvd, Diamond Bar, CA 91765, Citibank 436 Howe Ave., Sacramento, CA 95825-5507;
7  Bank of America 1196 S. Diamond Bar Blvd., Diamond Bar, CA 91765, and Chase 334
8  S. Diamond Bar Blvd, Diamond Bar, CA 91765.

9      IT IS FURTHER ORDERED that City National Bank, Wells Fargo, Citibank,
10 Bank of America, and Chase Bank, as well as any other bank in which Defendants may
11 open an account, shall be required hereunder to release to Plaintiff's counsel information
12 about all such accounts held in either of Defendants' names, including, without
13 limitation, the amounts contained in each of the accounts, and shall be required to
14 provide Plaintiff's counsel with copies of all bank statements relating to each such
15 account(s) since such account(s) were opened, to allow Plaintiff's counsel to verify
16 compliance with the terms of this Order.

17     IT IS FURTHER ORDERED that Plaintiff's counsel may direct that all funds held
18 in any or all of the frozen accounts held by any of the banking institutions listed above in
19 the name of either of the Defendants' herein be released and paid over to the Rynn &
20 Janowsky LLP – Attorney Client Trust Account. Counsel for Plaintiff shall not be
21 entitled to remove such funds from its client trust account or pay such funds over to
22 Plaintiff without an Order from this Court permitting such removal or payment.

23     IT IS FURTHER ORDERED that, Defendant Produce Delights, its owners,
24 officers, directors, shareholders, employees, agents, subsidiaries, successors, assignees,
25 principals, assignors, attorneys, and persons acting in concert with them, shall be
26 preliminary enjoined from engaging in, committing, or performing directly and
27 indirectly, any and all of the following acts:

28

1        D.     Removing, withdrawing, transferring, assigning, or selling to any other
2 person or entity, the proceeds from the sales of any or all existing or future inventories
3 of food or other products derived from perishable agricultural commodities, including,
4 but not limited to, growing crops, and/or receipts of payment for products sold prior to
5 the date of this order and/or otherwise disposing of assets, books or funds;

6        E.     Taking any other action whatsoever which causes, has the effect of causing,
7 or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

8        F.     Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1)
9 through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA];

10        IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to
11 promptly deposit the sums described above, Defendants shall be and hereby are required
12 and ordered to:

13        G.     Immediately, or within forty-eight (48) hours from the date that this Order
14 is issued, to account to the Court and Plaintiff for all assets of the PACA trust from
15 commencement of Defendants' business through the date of this Order.

16        H.     Endorse any checks made, endorsed, or paid, wire transfers, and cash
17 receipts to Defendants which are trust assets and which are in their possession or
18 obtainable by Defendants at the time of the entry of this Order, or which Defendants
19 obtain or which become obtainable by Defendants after the entry of this Order, including
20 but not limited to checks representing payment for sales of growing crops, and shall
21 deliver said assets within 48 hours of Defendants' receipt of them to Plaintiff's counsel as
22 set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust
23 which are in its possession or are obtainable by Defendants at the time of the entry of this
24 order, or which Defendants obtain or which become obtainable by Defendants after entry
25 of this Order, within 48 hours of Defendants' receipt of them to Plaintiff's counsel.

26        I.     Deposit all checks, wire transfers, and cash receipts received after the
27 issuance of the Order with the client trust account of Plaintiffs' law firm, Rynn &
28

Janowsky, LLP. These funds shall be wired to the Rynn and Janowsky, LLP Client Trust Account listed below:

>California Bank & Trust
>3420 Bristol St., Suite 100
>Costa Mesa, CA 92626
>Tel: (714) 327 -2400
>
>ABA Routing #:    121002042
>Account #:        3510099341
>Account Name:     Rynn & Janowsky, LLP – Attorney Client Trust Fund

IT IS FURTHER ORDERED that by no later than January 23, 2016, at 1:00 pm, Defendants shall provide Plaintiff and its counsel with full and complete access to the following documents, which Plaintiff shall be allowed to photocopy for use in this proceeding: (i) Produce Delights' check register or general ledger used in the ordinary course of business to track revenue and the source of the income received as well as all expenses and the payees or recipient of all disbursements made by Produce Delights; (ii) all records relating to cash receipts and cash disbursements, (iii) all bank statements from the start of the business through the present date; (iv) a list of all assets, including vehicles, equipment, computers, inventory, security deposits, cash on hand, and all amounts due, secured and unsecured to any suppliers, banks or other creditors; (v) a list of all principals and sales contacts of the account debtors listed on Produce Delights 12/14/15 accounts receivable report as well as the mailing and physical addresses of each such account debtor.

IT IS FURTHER ORDERED that by no later than 1:00 p.m. on January 23, 2016, Defendants shall prepare a letter on Produce Delights stationary to be signed by Mr. Wael Abdallah addressed to each account debtor on its accounts receivable report notifying each such account debtor that the accounts receivables due to Produce Delights, LLC have been assigned to Plaintiff, Freshko Produce Services, Inc. and directing each such account debtor to make all payments due to Produce Delights payable to the Rynn & Janowsky LLP Client Trust Account for the benefit of Plaintiff.

IT IS FURTHER ORDERED that by no later than 1:00 p.m. on January 23, 2016, Produce Delights shall provide the contact information including the name and address of a principal or principals for each of the account debtors so that Plaintiff's counsel may contact each and every account debtor of Produce Delights informing them of the same. Effective immediately, Counsel for Plaintiff is hereby authorized to directly communicate with each and every Produce Delights account debtor, both orally and in writing, for the purpose of collecting the assigned accounts receivable. Defendants shall take no action, either directly or indirectly, which in any way interferes with, limits, prejudices or otherwise impedes with Plaintiff's efforts to directly collect the assigned accounts receivable.

IT IS FURTHER ORDERED that Produce Delights shall, by January 23, 2016, at 1:00 p.m., provide to Plaintiff's counsel true and complete copies of the following documents: (1) all underlying invoices, bills of lading or other forms of proof of delivery and any correspondence and documentation related to claims, credits, adjustments or other issues between Produce Delights and its customers for all produce sold by Produce Delights as referenced on the accounts receivable list or for which no payment has been received from Produce Delights from an account debtor; (2) customer contact and address information; (3) check register or general ledger showing payments received and made by Produce Delights; (4) bank account records for all bank accounts under the names Produce Delights LLC, and Wael R. Abdallah from the date in which the Produce Delights opened for business through the present; (5) all records, log books or journals showing produce received, and produce sold or shipped by Produce Delight; (6) records documenting all cash receipts by Produce Delights; (7) all Produce Delights' accounts receivable records created from the start of the business to the present ; (8) all Produce Delights' accounts payable records created from the start of the business to the present; and (9) any and all documents detailing all of the company's assets and liabilities; including, without limitation, a financial statement, profit & loss statement, whether audited or unaudited, and the last tax returns filed by Defendant Produce Delights, LLC

and by Defendant Wael Abdallah. Any and all updated documents shall be filed under seal with the court and provided to Plaintiff's attorney on a weekly basis.

IT IS FURTHER ORDERED that, in the event Defendants do not produce the documents listed herein by January 23, 2016, at 1:00 p.m., or provides insufficient documents pursuant this Order, Plaintiff shall have the right to depose Defendant Wael R. Abdallah and schedule a deposition date upon forty-eight (48) hours advance notice. Plaintiff shall further be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants' other principals, owners, directors, officers, shareholders, employees, agents, and accountants concerning any matter pertaining to any of the books and records, documents, information or accountings provided to Plaintiff's counsel or required to be provided to Plaintiff's counsel pursuant to this Order, including any and all records which Plaintiff is entitled to inspect under this Order, any PACA trust assets in Defendants' possession and any transfers by Defendants' of such assets, and/or any of Defendants' business practices, procedures or operations from commencement of Defendants' business activities through the date of the deposition..

IT IS FURTHER ORDERED that if Defendants fail to provide Plaintiff or its counsel with the information, records, deposition testimony, records, or any other documents described in this Order by January 23, 2016, at 1:00 p.m. Defendants may be held in contempt of Court. In such event, Defendants shall have four (4) days from January 23, 2016, to respond to Plaintiff Freshko Produce Services Inc.'s Motion for an Order to Show Cause Why Defendants Should not Be Held in Contempt for violation of this Court's October 23, 2015 Temporary Restraining Order and its January 20, 2016, Order Granting Plaintiff a Preliminary Injunction. An evidentiary hearing on Plaintiff's Motion in re Contempt shall be scheduled by the Court shortly thereafter.

IT IS FURTHER ORDERED that this Order shall constitute formal notice to Defendants that Defendants' unjustified failure to fully and timely comply with any of the duties and obligations imposed upon Defendants pursuant to this Order and in the manner set forth above could result in the imposition of sanctions to the full extent

1 permitted under Federal Rules of Civil Procedure rule 37(b) and other applicable rules, which may include but are not necessarily limited to, procedural sanctions of prohibiting the introduction of designated matters in evidence, striking Defendants' answer and rendering a default judgment against Defendants, and/or coercive sanctions designed to compel compliance with the terms of this Order, including imprisonment, and/or monetary sanctions including fines and payment of attorneys' fees and other reasonable expenses incurred by Plaintiff in this Action.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiff before the Preliminary Injunction is effective.

DATED: January 20, 2016

U.S. DISTRICT JUDGE