O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FRESHKO PRODUCE SERVICES, INC., | ) Case No. 15-08280 DDP (AGR) |
|---|---|
| Plaintiff, | ) **ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO ENTER JUDGMENT** |
| v. | ) |
| PRODUCE DELIGHTS, LLC, et al., | ) [Dkt. 68] |
| Defendants. | ) |

Presently before the court is Plaintiff Freshko Produce Services Inc.'s ("Freshko") Ex Parte Application to Enter Judgment Pursuant to Stipulation against Defendants Produce Delights, LLC and Wael R. Abdallah (collectively "Defendants").

On September 21, 2017, Plaintiff and Defendants entered into a Stipulation for Entry of Judgement, which required Defendants to make twice monthly payments to Plaintiff according to a specified payment schedule. (*See* Dkt. 65.) If Defendants met their obligation under the Stipulation, Freshko would agree to dismiss the action and waive any right to recover finance charges and attorneys' fees. (*Id.* ¶ 17.) In the event that Defendants failed to meet their obligations, however, the Parties agreed that Freskho was entitled to entry of judgment against Defendants for the full principal sum owed, finance charges, and attorneys' fees. (*Id.*)

Under the terms of the Stipulation, if Defendant fails to timely remit a payment, Plaintiff must notify Defendants of the delinquency using certain agreed upon procedures. (*Id.* ¶ 21.) Upon notification, Defendants are entitled two business days to

cure the delinquency and remit payment. (*Id.*) If Defendants fail to cure the delinquency within this two-day period, they are deemed in default. (*Id.* ¶ 22.) Furthermore, Defendants are entitled to a maximum of "two (2) cure periods under this Stipulation." (*Id.*) Upon the occurrence of a third delinquency, Defendants are considered in default with no additional notice of delinquency required and no additional cure period allowed. (*Id.*) In the event of default, the Stipulation permits judgment to be entered on an ex parte basis. (*Id.* ¶ 20.) The Stipulation further provides that the only grounds on which Defendants can object to entry of judgment are: "(a) whether default has in fact occurred; and, (b) whether the payment amounts acknowledged as received by Plaintiff prior to default and the net principal balance due set forth on the judgment are correct." (*Id.*)

Plaintiff has filed the instant ex parte application seeking entry of judgment against Defendants pursuant to Defendants' third default. According to the application, Defendants defaulted on their payments on two prior occasions: first on December 16, 2016 and then again on January 1, 2017. On March 1, 2017, Defendants contacted Plaintiff requesting an extension for the March 1 payment until March 3, 2017. (Declaration of Patricia J. Rynn ¶ 8.) Although the Stipulation provides that Plaintiff does not need to allow additional cure periods after the second delinquency, Plaintiff nonetheless granted the request. (*Id.*) Defendants did not make the payment and instead contacted Plaintiff again on March 6, 2017 seeking an extension until March 10. (*Id.*) To date, Defendants have not made the March 1 payment. (*Id.*) Based on this third default, Plaintiff now seeks entry of judgment, finance charges, and reasonable attorneys' fees.

Defendants oppose the ex parte application on three grounds: waiver, mutual mistake of fact, and lack of cooperation. As an initial matter, the Stipulation expressly states the only two grounds on which Defendants can oppose entry of default after three delinquencies: 1) whether or not Defendants have actually defaulted as Plaintiff asserts and 2) whether Plaintiff has accurately calculated how much Defendants have paid and how much is still owed. Defendants do not present either of these objections in their opposition. Accordingly, Defendants' contentions regarding waiver, mutual mistake, and

2

lack of cooperation are irrelevant under the plain terms of the Stipulation and are not valid reasons for declining to enter judgment against Defendants. Nonetheless, the court has reviewed these contentions out of an abundance of caution and found them all without merit.

Defendants' first argument is that by granting Defendants an extension on prior delinquencies, Plaintiff has waived its right to assert default. "A waiver is an intentional relinquishment or abandonment of a known right or privilege." *Groves v. Prickett*, 420 F.2d 1119, 1125 (9th Cir. 1970); *Kay v. Kay*, 188 Cal. App. 2d 214, 218 (1961). There is no such intentional relinquishment here. The fact that Plaintiff may have expressly granted in writing an extension to a particular payment period in no way constitutes an express or implied relinquishment of the entitlement to timely, twice-monthly payments, much less an intentional relinquishment or abandonment of the right to seek entry of judgment pursuant to multiple delinquencies.

Defendants' second argument is that there was a mutual mistake of fact when the parties established a payment schedule that requires payments every two weeks, even though most of Defendants' customers made payments on 30-45 days terms. Had the parties realized that Defendants would not be generating adequate revenue every 15 days to meet the payment deadlines to Freshko, Defendants suggest that the parties would have agreed upon a different payment schedule. Of course, the key to this defense is that the mistake must actually be mutual. *Wood v. Metzenbaum*, 107 Cal.App.2d 727, 731 (1951) ("A 'mutual' mistake is one made by both parties as to the same proposition." ). But Defendants present no evidence that the Stipulated Agreement reflected a shared mistake about the payment terms of Defendants' customers or any indication that Plaintiff would have sought a different payment schedule had it realized the difficulty Defendants would have in meeting the timeline. Indeed, it is unclear how Defendants made a mistake as to the payment terms its own customers would expect given that Defendants were already in this business. Moreover, there is no reference in the Stipulated Agreement to how Defendants would acquire the money to meet its payment

3

obligations or any concern for keying the payment schedule to Defendants' business. Accordingly, there is no ground for finding mutual mistake of fact.

Finally, Defendants object to the entry of judgment on the ground that Plaintiff has not cooperated in rescinding a demand letter that it sent to Defendants' customers at the outset of this litigation. Defendants contend that Plaintiff's lack of cooperation has made it challenging to restart business relationships with former customers and to earn enough revenue to keep up with the payment schedule. In addition to the fact that the alleged lack of cooperation is not a valid excuse for delinquency, the Stipulation includes no reference or requirement pertaining to any demand letters that Plaintiff may have previously sent. Accordingly, there is no basis for finding that Plaintiff is violating its obligations under the Stipulation nor is there any basis for not enforcing the terms of the agreement.

In addition to entry of judgment, Plaintiff seeks reasonable attorneys' fees and costs and all accrued finance charges, as provided for in the Stipulation. Defendants do not object to either of these requests. Moreover, the court has reviewed Plaintiff's billing statements and concluded that both the time spent on the matter and the hourly rates are reasonable. Accordingly, the court finds good cause to grant Plaintiff's Ex Parte Application and enter judgment in favor Plaintiff and against Defendants as set forth in the Judgment filed herewith.

**IT IS SO ORDERED.**

Dated: April 13, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE